```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
GEORGE GRAFAS,
                    Plaintiff,
        -against-                          MEMORANDUM AND ORDER
                                           09-CV-4914 (JS)(AKT)
TSK FRANCHISE SYSTEMS, INC., a/k/a
TIGER SCHULMAN KARATE CENTER,

                    Defendant.
----------------------------------------X
APPEARANCES:
For Plaintiff:      Peter S. Gordon, Esq.
                    Gordon & Gordon, PC
                    108-18 Queens Boulevard
                    Forest Hills, NY 11375

For Defendant:      Eliot F. Bloom, Esq.
                    114 Old Country Road, Suite 308
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Pending before the Court is Defendant's motion to dismiss and Plaintiff's cross-motion to amend his Complaint. For the foregoing reasons, Defendant's motion is DENIED. Nevertheless, the Court dismisses Plaintiff's Complaint sua sponte. The Court also DENIES Plaintiff's motion to amend.

BACKGROUND

Plaintiff enrolled his wife and children at Defendant's karate school. Plaintiff's wife then proceeded to commit adultery with her karate instructor. Upset by this development, Plaintiff commenced this suit, alleging common law fraud and mail fraud. Specifically, Plaintiff alleges that Defendant committed fraud by failing "to disclose to plaintiff,

that its instructors have a history of seduction of married women students and other improper relationships created by them." Compl. ¶ 1. Plaintiff alleges that, if he knew that Defendant "tolerate[d] the seduction of married female family members by its instructors," he would not have enrolled his family at Defendant's school. Compl. ¶ 8. Originally, Plaintiff also alleged that Defendant "use[d] the United States mails" to "perpetrate" these alleged frauds. Compl. ¶ 12. Plaintiff's proposed Amended Complaint, however, drops the mail fraud claim. In its place, it alleges malpractice, based on the alleged duty a karate instructor "owes to his student [sic] family."

On December 8, 2009, Defendant answered Plaintiff's Complaint. Then, on February 5, 2010, Defendant moved to dismiss under FED. R. CIV. P. 12(b)(6).

## DISCUSSION

### I. Defendant's Motion To Dismiss

Defendant's Rule 12(b)(6) motion to dismiss is improper, because Defendant previously answered Plaintiff's Complaint. See Rule 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed"). Accordingly, this motion is DENIED. See, e.g., Federal Ins. Co. v. M/V Villr D'Aquarius, 08-CV-8997, 2009 WL 3398266, *3 (S.D.N.Y. 2009) (Rule 12(b)(6) motion cannot be made

after an answer); Leonard v. Enterprise Rent a Car, 279 F.3d 967, 971 n.6 (11th Cir. 2002); Limbright v. Hofmeister, 09-CV-107, 2010 WL 1740905, *3 (E.D. Ky. 2010).[1]

That being said, the Court dismisses Plaintiff's Complaint sua sponte, because it is barred by statute. New York Civil Rights Law § 80-a, the Heart Balm Act, abolished the common law "rights of action to recover sums of money as damages for alienation of affections, criminal conversation, seduction, or breach of contract to marry." Parties cannot evade § 80-a by "recharacterizing" prohibited actions "as emotional distress or fraud claims." Brown v. Strum, 350 F. Supp. 2d 346, 350 (D. Conn. 2004) (applying both New York and Connecticut law); see also Sahid v. Chambers, 237 A.D.2d 175, 175, 655 N.Y.S.2d 20, 20 (1st Dep't 1997); Morris v. Baird, 269 A.D. 948, 948, 57 N.Y.S.2d 890, 890 (2d Dep't 1945). And this is exactly what Plaintiff does here. Plaintiff's purported fraud claim is nothing more than a thinly "veiled attempt to plead a seduction cause of action prohibited by Civil Rights Law § 80-a."

---

[1] This Court has previously warned Defendant's counsel, Elliot Bloom, concerning his non-compliance with Rule 11. See Abraham v. Entrepreneur Media, Inc., 09-CV-2096, 2009 WL 4016515, *2 (E.D.N.Y. 2009). The Court now warns Mr. Bloom with respect to his apparent ignorance of basic principles of federal practice, an ignorance that runs the severe risk of prejudicing his clients. Mr. Bloom is strongly advised that he should review the Federal Rules of Civil Procedure before practicing in the Eastern District of New York again.

Marmelstein v. Kehillat New Hempstead, 11 N.Y.3d 15, 19-20, 892 N.E.2d 375, 37 (N.Y. 2008) (noting that trial court dismissed similar fraud claim on this ground). Consequently, the Heart Balm act precludes it, and the Court must dismiss it. And it follows that, because Plaintiff's mail fraud claim does not allege any actionable underlying fraud, it also fails.[2]

II. Plaintiff's Cross-Motion To Amend

FED. R. CIV. P. 15(a)(1)(B) permits a party to freely amend its complaint once if it files the amendment within 21 days of the first responsive pleading. Here, Plaintiff did not seek leave to amend his Complaint for more than three months after Defendant filed its first responsive pleading (the December 8, 2009 Answer). Consequently, Plaintiff can only amend with the Court's leave. See Fed. R. Civ. P. 15(a)(2). The Court "should freely give leave when justice so requires." Id.

Here, justice does not "so require," because Plaintiffs' proposed amended complaint is frivolous. With respect to Plaintiff's proposed amended fraud claim, it fails

---

[2] Plaintiff's mail fraud claim fails for the independent reason that Plaintiff "pleads no facts tying any of these alleged false statements or fraudulent acts-or Defendant's scheme as a whole- to the use of the mail or wires." Jet One Group, Inc. v. Halcyon Jet Holdings, Inc., 08-CV-3980, 2009 WL 2524864, *4 (E.D.N.Y. 2009). Plaintiff appears to concede this, as his opposition to Defendant's motion does not defend this claim, and his proposed Amended Complaint abandons it entirely.

for the same reason that the original fraud claim fails: it is nothing more than a thinly "veiled attempt to plead a seduction cause of action." Marmelstein, 11 N.Y.3d at 19-20. And Plaintiff's malpractice claim is equally frivolous. Plaintiff alleges no facts suggesting that Defendant provided bad karate instruction, or that this faulty instruction somehow injured Plaintiff or his wife. Rather, Plaintiff alleges that Defendant breached "the duty that an instructor owes to his student family." Prop. Amend. Compl. ¶ 12. But Plaintiff bases this alleged "fiduciary duty" entirely on Defendant's advertising slogan "Families that kick butt together, stay together." Pl. Opp. Br. at 4. And such puffery is woefully insufficient to establish the existence of a fiduciary relationship between Plaintiff and Defendants. See, generally, Marmelstein, 11 N.Y.3d at 21 (a "fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation") (internal citations and quotations omitted). Among other things, Plaintiff pleads no facts suggesting that Defendant agreed to assume a duty not to sleep with his wife, or to "give advice" to him or his wife concerning their marriage. Nor does Plaintiff plead anything to suggest the existence of a special relationship between a karate instructor and a student's husband. See id. (no fiduciary relationship between rabbi and

congregant, even though rabbi "counseled and advised her on a variety of personal, legal and financial problems, including her desire to find a husband and have children"); Wende C. v. United Methodist Church, 6 A.D.3d 1047, 1050, 776 N.Y.S.2d 390, 393 (4th Dep't 2004) (no fiduciary duty between minister and congregant). And, even if such a duty existed, the Heart Balm Act would preclude recovery for a "breach" consisting entirely of consensual sex. See Guiles v. Simser, 804 N.Y.S.2d 904, 906 - 908 (N.Y. Sup. Ct., Broome County 2005) (dismissing breach of fiduciary duty claim against attorney predicated on romantic relationship with client).

## CONCLUSION

Defendant's motion to dismiss is DENIED. Nevertheless, the Complaint is DISMISSED sua sponte. Plaintiff's motion to amend is DENIED. The Clerk of the Court is ordered to mark this matter as closed.

SO ORDERED.

JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
June 2, 2010